**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMASA DELGADO-MUNIZ; MARCOS TOMAS ROSARIO-DELGADO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-72748 <br><br> Agency Nos. A075-619-152 <br> A075-666-210 <br><br> MEMORANDUM* |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted May 3, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW, District
Judge.**

Tomasa Delgado-Muniz ("Delgado") and her son Marcos Tomas Rosario-

Delgado, natives and citizens of Mexico, petition for review of the Board of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joan Humphrey Lefkow, United States District Judge
for the Northern District of Illinois, sitting by designation.

Immigration Appeals' ("BIA") orders dismissing their appeals from an immigration judge's ("IJ") decisions denying their applications for cancellation of removal. The facts are known to the parties and need not be repeated here except to the extent necessary.

Delgado argues that the IJ was biased and that she was denied a fair hearing. Because she failed to exhaust such due process claims before the BIA, we lack jurisdiction to review them. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

The BIA determined that Delgado is ineligible for cancellation of removal because she lacks a qualifying relative. *See* 8 U.S.C. § 1292b(b)(1)(D), (2)(A)(i). This determination is not supported by substantial evidence in this pre-REAL ID Act case, however, because the IJ improperly discredited her testimony and evidence without making an express adverse credibility determination or expressly declaring the challenged Mexican documents to be fraudulent. *See Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir. 2004). Delgado's testimony must be credited as true. *See id.* Furthermore, "[t]he IJ's demand for more extensive documentary evidence contravenes our established standards for credibility determinations." *Id.* at 855. We therefore grant the petition in part and

2

remand for a determination whether Delgado satisfies the other requirements for cancellation of removal under either 8 U.S.C. § 1292b(b)(1) or (2).

Although we lack jurisdiction over the BIA's discretionary determination that Marcos failed to show the requisite exceptional and extremely unusual hardship to his U.S. citizen daughter, *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003), we note that Delgado may become another qualifying relative for Marcos if her application is approved on remand.  Accordingly, we remand for further consideration of Marcos's application for cancellation of removal.

**PETITION FOR REVIEW DISMISSED** in part; **GRANTED** in part; **REMANDED**.