**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AVTAR SINGH, a.k.a. Rajbir Singh,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 08-70478<br><br>Agency No.　　A072-460-166<br><br><br>MEMORANDUM[*] |
| CHARANJIT KAUR; AMANDEEP SINGH,<br><br>　　　　　Petitioners,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　　Respondent. | No. 08-70480<br><br>Agency Nos.　　A077-382-712<br>　　　　　　　　A077-382-710 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 15, 2011[]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Avtar Singh, Charanjit Kaur, and their son, natives and citizens of India, petition for review of the Board of Immigration Appeals' ("BIA") orders dismissing their appeal from the immigration judge's ("IJ") decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and review de novo questions of law, *Rivera v. Mukasey*, 508 F.3d 1271, 1274-75 (9th Cir. 2007). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination as to Singh based on Singh's admission that he made false statements in his airport interview, and as to Kaur based on Kaur's filing of a false asylum application and supporting affidavits. *See Kaur v. Gonzales*, 418 F.3d 1061, 1065-67 (9th Cir. 2005); *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1393 (9th Cir. 1985) (history of dishonesty can support an adverse credibility finding). The agency reasonably

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

rejected petitioners' explanations for the false accounts. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Accordingly, in the absence of credible testimony, petitioners' asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to address petitioners' contention that the IJ failed to consider country condition evidence in her analysis of their CAT claim because this argument was not exhausted before the BIA. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

Petitioners' contention that the BIA failed to provide appellate review of Singh's claims is belied by the record. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000) (BIA's independent analysis and case citation countered the petitioner's argument that the BIA did not consider his supplemental evidence on appeal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**