**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDUL SAMAD SHAH; TAHIRA BIBI SHAH, | Nos. 08-70520 09-73129 |
| Petitioners, | Agency No. A070-344-113 A070-344-114 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:      SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

   In these consolidated petitions for review, Abdul Samad Shah and Tahira

Bibi Shah, husband and wife and natives and citizens of Fiji, petition for review of

the Board of Immigration Appeals' ("BIA") order denying their motion to reopen

to apply for adjustment of status, as well as the BIA's prior order dismissing Tahira

_____

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Shah's appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In 08-70520, we dismiss the petition for review, and in 09-73129, we deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Tahira Shah failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We also lack jurisdiction to review Shah's contention that the IJ abused her discretion and violated due process by denying a continuance because she failed to exhaust these contentions before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed over 90 days after both petitioners' final administrative orders, and they did not establish that an exception to the filing deadline applies. *See* 8 C.F.R. § 1003.2(c)(2)-(3).

We do not consider petitioners' contention that the BIA should have reopened proceedings under its sua sponte authority because petitioners failed to make this request before the agency. *See Barron*, 358 F.3d at 678.

**In No. 08-70520: PETITION FOR REVIEW DISMISSED**.

**In No. 09-73129: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**