**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDUL SAMAD SHAH, | No. 06-71406 |
| Petitioner, | Agency No. A070-344-113 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

| | |
|---|---|
| ABDUL SAMAD SHAH, | No. 09-73132 |
| Petitioner, | Agency No. A070-344-113 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted August 31, 2011[]
San Francisco, California

Before: BERZON and BYBEE, Circuit Judges, and GRAHAM, Senior District Judge.[***]

Abdul Samad Shah, a native and citizen of Fiji, petitions this court for review of the Board of Immigration Appeals (BIA)'s decisions denying as untimely his motion to reopen, 09-73132, and affirming the order of the Immigration Judge (IJ) denying asylum, withholding of removal, and relief under the Convention Against Torture (CAT), 06-71406. We have jurisdiction pursuant to 8 U.S.C. § 1252. In 06-71406, we deny the petition for review, and in 09-73132, we dismiss the petition for review.

## I. 06-71406

To reverse the decision of the BIA, we must find that the evidence presented by Shah in his asylum application and proceeding compels the conclusion that he suffered past persecution at the hands of native Fijians on account of his Indian ethnicity or some other protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James L. Graham, Senior U.S. District Judge for the Southern District of Ohio, sitting by designation.

481 & n.1 (1992); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995). Shah is a Fijian citizen of Indian ethnicity. In his asylum proceeding, Shah claimed that he was attacked by a native Fijian criminal and a crowd aiding that criminal; that people (presumably native Fijians) threw stones at his house; and that native Fijians would scream and throw stones when his family attempted to go to mosque.

These facts do not compel a finding of persecution. Shah was a police officer attempting to arrest the Fijian criminal when he was attacked. Another police officer, a native Fijian, was also attacked in the incident. There is no indication that the attack on Shah was based on his ethnicity. While the other incidents to which Shah testified may evidence discrimination and harassment, they do not compel a finding of persecution. *See Prasad*, 47 F.3d at 340.

Because Shah did not establish past persecution, he is not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). Shah makes no independent argument that he fears future persecution. Accordingly, the IJ did not err by denying his application for asylum. *See Lanza v. Ashcroft*, 389

F.3d 917, 925 (9th Cir. 2004) (reviewing decision of the IJ when the BIA affirms IJ's decision without opinion).[1]

Shah's second claim, that the BIA should have remanded his case to the IJ to allow him to apply for cancellation of removal using his wife as a qualifying relative, is moot. The agency has since denied Shah's wife's application for cancellation of removal, and this court has dismissed her petition for review. *See Shah v. Holder*, 396 Fed. App'x 434, 435 (9th Cir. 2010).

We lack jurisdiction to review Shah's contention that the BIA should have remanded his case to allow him to apply for cancellation of removal using his son as a qualifying relative, because Shah failed to exhaust this contention before the BIA. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

## II. 09-73132

The BIA did not abuse its discretion in denying Shah's motion to reopen as untimely. Shah filed the motion more than 90 days after the agency issued its final administrative order, and he did not establish eligibility for an exemption from the 90-day deadline. *See* 8 C.F.R. § 1003.2(c)(2).

---

[1] Because we deny Shah's petition as it concerns his request for asylum, we need not address his motion to add his wife, Tahira Bibi Shah, to the caption for this petition. The motion is dismissed.

4

We lack jurisdiction to consider Shah's claim that the BIA should have exercised its sua sponte authority to reopen his case. *Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002). Moreover, Shah did not exhaust this request before the agency.

**In No. 06-71406: PETITION FOR REVIEW DENIED.**

**In No. 09-73132: PETITION FOR REVIEW DISMISSED.**