**Miguel Angel MEDINA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 06–74161.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2008.

Filed Oct. 3, 2008.

---

Ray Aragon, Esquire, McKenna Long & Aldridge, LLP, Washington, DC, for Petitioner.

Miguel Angel Medina, San Pedro, CA, pro se.

Kathryn L. Moore, Esquire, Trial, Jocelyn M. Lopez–Wright, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Home-

land Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, KLEINFELD and RAWLINSON, Circuit Judges.

### MEMORANDUM *

■ **1.** Miguel Medina (Medina) did not raise any of his procedural due process claims before the BIA. Accordingly, we are without jurisdiction to hear them. *See Tall v. Mukasey,* 517 F.3d 1115, 1120 (9th Cir.2008).

■ **2.** Medina's substantive due process argument that he will be denied necessary medical care if deported has no legal basis. The cases cited by Medina stand for the proposition that "due process forbids governmental conduct that is deliberately indifferent to the medical needs of non-convicted detainees" and focus on the care given to detainees while they are detained. *See, e.g., Haitian Centers Council, Inc. v. Sale,* 823 F.Supp. 1028, 1044 (E.D.N.Y.1993).

■ **3.** Medina's argument that he is eligible for asylum based on his political opinions or upon his participation in student protests are without merit. Medina's participation in student protests does not support a well-founded fear of future persecution based on Medina's inclusion in a particular social group. As the IJ noted, Medina's testimony regarding the human rights protests established a group no

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

more defined than students in protest. There was no testimony of shared viewpoints or voluntary association. *See Arteaga v. Mukasey,* 511 F.3d 940, 944–45 (9th Cir.2007).

4. Medina's failure to meet the requirements for asylum necessarily forecloses eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

**PETITION DENIED.**