**NOT FOR PUBLICATION**

JAN 21 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE VEGA-ANDRADE, | No. 05-73953 |
| Petitioner, | Agency No. A075-178-365 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010 [**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

Jorge Vega-Andrade, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him removable for participating in

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

SS/Research

alien smuggling. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003), and review for substantial evidence the agency's findings of fact, *Urzua Covarrubias v. Gonzales*, 487 F.3d 742, 744 (9th Cir. 2007). We dismiss in part and deny in part the petition for review.

Substantial evidence supports the IJ's finding that Vega-Andrade was removable for alien smuggling where the record contains Vega-Andrade's sworn statement admitting that he knew the passenger in his vehicle had no legal documentation and that he had made arrangements to pick her up in Mexico. *See Altamirano v. Gonzales*, 427 F.3d 586, 595 (9th Cir. 2005) (requiring act of assistance or encouragement). Substantial evidence supports the IJ's decision to credit the sworn statement over petitioner's inconsistent testimony concerning whether he knew the identity and unlawful alien status of the passenger in his car. *See Wang v. INS*, 352 F.3d 1250, 1258-59 (9th Cir. 2003).

We lack jurisdiction to review Vega-Andrade's unexhausted due process claim regarding the cross-examination of Officer Hernandez. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008) (although petitioner "raised his due process rights in his brief to the BIA," he failed to exhaust the particular procedural errors presented to the court of appeals). Even if the claim were exhausted,

Vega-Andrade has not shown prejudice from the alleged violation. *See Cano-Merida v. INS*, 311 F.3d 960, 965 (9th Cir. 2002). We also lack jurisdiction to consider Vega-Andrade's unexhausted due process claim regarding the opportunity to obtain evidence from the smugglee. *See Tall,* 517 F.3d at 1120.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**