**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-55376 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-01854-JSL-SS |
| v. | |
| SHEIKH FARID, AKA Farid Sheikh, AKA Haq Farid, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Submitted April 14, 2011[**]
Pasadena, California

Before: WARDLAW, BYBEE, and M. SMITH, Circuit Judges.

Sheikh Farid appeals the district court's grant of summary judgment in favor

of the United States in an action it brought to revoke Farid's naturalization under 8

U.S.C. § 1451.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In support of its summary judgment motion, the government introduced evidence that Farid was convicted of forgery in violation of Cal. Penal Code § 470(a)[1] and check fraud in violation of § 476a(a), and that he committed these crimes after January 9, 1991, the date when Farid's statutory period of good moral character began to run. *See* 8 U.S.C. § 1427(a)(3). Farid did not dispute the government's evidence, but merely argued that the government failed to provide sufficient case law establishing that Farid was convicted of crimes involving moral turpitude.

Because both forgery under § 470(a) and check fraud under § 476a(a) require proof of an intent to defraud, Farid was convicted of crimes involving moral turpitude. *See Tall v. Mukasey*, 517 F.3d 1115, 1119 (9th Cir. 2008). Thus, he was statutorily barred from establishing good moral character, 8 U.S.C. § 1101(f)(3), which is a statutory prerequisite to naturalization, 8 U.S.C. § 1427(a). Given that Farid failed to "show[] that the materials cited do not establish the absence . . . of a genuine dispute," Fed. R. Civ. P. 56(c)(1)(B), the district court

---

[1]Although the record is not entirely clear as to whether Farid pled guilty to forgery in violation of Cal. Penal Code § 475 or to forgery in violation of § 470(a), what is clear is that Farid pled guilty to forgery in violation of one of these two sections. Ultimately, the particular section under which Farid was convicted does not matter because both forgery under § 475 and forgery under § 470(a) require proof of an intent to defraud.

2

correctly concluded that Farid "illegally procured" his naturalization and properly granted summary judgment to the United States on this basis. *See* 8 U.S.C. § 1451; *Fedorenko v. United States*, 449 U.S. 490, 506 (1981) ("Failure to comply with [statutory prerequisites to naturalization] renders the certificate of citizenship 'illegally procured,' and naturalization that is unlawfully procured can be set aside."); *id.* at 517 ("[D]istrict courts lack equitable jurisdiction to refrain from entering a judgment of denaturalization against a naturalized citizen whose citizenship was procured illegally or by willful misrepresentation of material facts.").

Because our conclusion that Farid's forgery and check fraud convictions rendered him statutorily ineligible for naturalization is dispositive of this appeal, we need not address the government's remaining arguments.

**AFFIRMED.**