**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORIS LEON-VALENCIA, | No. 10-70506 |
| Petitioner, | |
| | Agency No. A098-798-259 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Doris Leon-Valencia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Leon-Valencia contends she suffered past persecution and that she has a well-founded fear of future persecution by gangs in El Salvador. Substantial evidence supports the agency's denial of asylum because Leon-Valencia failed to establish that her encounters with gang members were on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). We reject Leon-Valencia's contention that the BIA failed to address her social group contention because it is belied by the record.

Because Leon-Valencia failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the BIA's determination that Leon-Valencia is

not entitled to CAT relief because she failed to demonstrate it is more likely than not that she will be tortured by or with the acquiescence of the El Salvadorean government if she returns to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

We lack jurisdiction to address Leon-Valencia's contention that the IJ failed to adequately consider the evidence in the record because this argument was not exhausted before the BIA. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**