**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PUNEET KAUR,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 07-73105<br><br>Agency No. A96-151-833<br><br>MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2011
San Francisco, California

Before: W. FLETCHER and M. SMITH, Circuit Judges, and WU,** District
Judge.

Puneet Kaur ("Petitioner"), a Sikh woman from India, seeks review of the

denial of her applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable George H. Wu, United States District Judge for the
Central District of California, sitting by designation.

1252. As the facts and procedural history are familiar to the parties, we do not recite them herein, except as necessary to explain our disposition.

Petitioner's case is not meaningfully distinguishable from this Court's precedent in *Sidhu v. INS*, 220 F.3d 1085 (9th Cir. 2000), which was also a pre-REAL ID Act[1] case. Petitioner lived with her father only a short distance from the location of the hearing before the Immigration Judge ("IJ") – in fact, the distance involved here is almost identical to that in *Sidhu*. Her father could have provided "highly probative, non-duplicative, corroborating evidence" that went to the heart of Petitioner's claim, and the IJ effectively concluded that he was "easily available." *See Sidhu*, 220 F.3d at 1090; *see also Karapetyan v. Mukasey*, 543 F.3d 1118, 1124 n.7 (9th Cir. 2008). Although Petitioner asserted that she did not bring her father along to her hearing "[b]ecause he is at his job and . . . I also did not know whether it was necessary for me to bring him along," the IJ accurately noted that the hearing had been scheduled three months in advance, and that Petitioner had three years to prepare her case.[2] Petitioner never requested an

---

[1] *See* Pub. L. 109-13, 119 Stat. 231 (2005); *Aden v. Holder*, 589 F.3d 1040, 1043-44 (9th Cir. 2009).

[2] Petitioner was represented by counsel throughout the proceedings. In the Notice to Appear issued for the removal proceeding, Petitioner was informed that "[y]ou will have an opportunity to present evidence on your behalf" and "[i]f you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing."

adjournment or continuance of the proceedings – or even to reopen the proceedings – so that she could obtain her father's presence.[3]  The IJ was under no obligation to provide Petitioner with another opportunity to produce her father.  *See Sidhu*, 220 F.3d at 1091-92 (remanding for a new hearing <u>only</u> because *Mejia-Paiz v. INS*, 111 F.3d 720 (9th Cir. 1997), had not been issued at the time Sidhu's case was before the IJ and BIA).

Under *Sidhu*, the above referenced failing is sufficient to support an adverse credibility determination.  *See* 220 F.3d at 1089-92.  Coupled with Petitioner's additional failure to obtain a copy of the complaint she filed with the Indian Supreme Court (a document she herself testified was accessible by virtue of its being a public record[4]), that conclusion was all the more sound.  *See Unuakhaulu v. Gonzales*, 416 F.3d 931, 938 (9th Cir. 2005).

As such, Petitioner did not satisfy her burden of demonstrating refugee status under the applicable provisions for asylum.  *See Chebchoub v. INS*, 257 F.3d

---

[3] In her brief on appeal to the Board of Immigration Appeals ("BIA"), Petitioner did not make a request to reopen the hearing or otherwise offer to present her father's testimony through a current and authenticated declaration.

[4] Although Petitioner's counsel attempted at oral argument to draw distinctions between the meaning and availability of "public records" in India and "public records" in this country, no such distinctions were made before the IJ.  Nor is there any evidence in this case that Petitioner had actually attempted to obtain the Indian Supreme Court complaint but was unable to do so.

1038, 1044-45 (9th Cir. 2001), *superseded by statute on other grounds as recognized in Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010).  Further, because Petitioner's CAT claim is based on the same testimony upon which both the IJ and BIA had made adverse credibility findings and because Petitioner pointed to no other evidence on that issue, she also fell short of demonstrating a basis for withholding of removal and relief under the CAT.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003); *Shrestha*, 590 F.3d at 1048-49.

Petitioner also challenged the IJ's determinations with respect to certain documents' authenticity.  "Immigration judges retain broad discretion to accept a document as authentic or not[,] based on the particular factual showing presented." *Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007).  The IJ did not abuse her discretion here in determining that the letter and two affidavits at issue in this appeal were insufficiently authenticated "for admission or for the truth of the matter asserted."  The letter and her father's affidavit would have been authenticated, at best, only as documents that Petitioner received in the mail, not for any purpose related to their contents.  Moreover, even if any of the three documents in question were properly authenticated, this would not have affected the IJ's and BIA's adverse credibility determinations, which this Court "must uphold . . . unless the evidence compels a contrary result" under the applicable

standard of review. *See Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006). In short, even assuming any error in this respect, there was no prejudice warranting a new hearing. *See Cinapian v. Holder*, 567 F.3d 1067, 1074-75 (9th Cir. 2009).

Finally, by virtue of her failure to raise the issue below, Petitioner has waived any objection she now has with respect to the IJ's admission of, and reliance upon, notes taken during Petitioner's interview with the asylum officer. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

For these reasons, the petition for review is DENIED.