**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEJANDRO ANTONIO TINOCO MARTINEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-70228 <br><br> Agency No. A098-268-404 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Alejandro Antonio Tinoco Martinez, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for withholding of removal and protection under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that Tinoco Martinez did not establish past persecution based on his experiences in Mexico. *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003). In addition, substantial evidence supports the agency's conclusion that Tinoco Martinez failed to establish a clear probability of future persecution. *See id.* at 1018 (possibility of future persecution too speculative). Accordingly, Tinoco Martinez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Tinoco Martinez did not establish a likelihood of being tortured in Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

Finally, we lack jurisdiction to address Tinoco Martinez's contention that his criminal conviction did not render him ineligible for adjustment of status in light of Proposition 36 because this argument was not exhausted before the BIA. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**