**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YASIN YUSUF VORA; et al., | No. 08-70193 |
| Petitioners, | Agency Nos.    A096-134-815 |
| | A096-134-816 |
| v. | A072-404-215 |
| | A072-404-216 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Yasin Yusuf Vora and his family, natives and citizens of India, petition for
review of the Board of Immigration Appeals' order dismissing their appeal from an
immigration judge's ("IJ") decision denying their application for asylum,
withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations and review for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We grant the petition for review, and we remand.

With respect to asylum, we reject Vora's unexhausted contention that the IJ applied a heightened "exceptional circumstances" standard instead of the proper "extraordinary circumstances" standard when assessing Vora's explanation for his untimely asylum application. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). However, the record compels the conclusion that the 2002 religious riots in Gujarat, the destruction of Vora's family's home and business, and his brother's disappearance constitute changed circumstances that may excuse the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4); *Vahora v. Holder*, 641 F.3d 1038, 1043 (9th Cir. 2011). We remand for the agency to consider whether Vora filed his asylum application within a reasonable time after learning of these changed circumstances, because it appears the IJ used six months as a strict deadline. *See Taslimi v. Holder*, 590 F.3d 981, 987-88 (9th Cir. 2010) (concluding seven month delay after religious conversion ceremony was reasonable); *Wakkary*, 558 F.3d at 1058-59 (remanding for agency to consider

whether, under particular circumstances of case, delay of just over six months constituted a "reasonable period").

With respect to withholding of removal, the record compels the conclusion that police's interest in Vora during his second arrest was motivated, at least in part, by a protected ground. *See Ratnam v. INS*, 154 F.3d 990, 995-96 (9th Cir. 1998) (finding detention and torture of petitioner who was caught with Tamil Tigers was based, at least in part, on imputed political opinion). Accordingly, we remand for the agency to consider this arrest, as well as Vora's prior arrest and mistreatment, in assessing past persecution and Vora's fear of future persecution. *See Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000).

Finally, with respect to Vora's CAT claim, the IJ failed to assess both of Vora's prior arrests, the nature of the harm he suffered in those arrests, Vora's testimony that police continue to look for him, the record evidence regarding the prevalence of torture by the authorities, or the disappearance of Vora's brother and the harm his family suffered in 2002. We therefore remand for the agency to assess Vora's CAT claim in light of his testimony and evidence. *See Cole v. Holder*, 659 F.3d 762, 772-73 (9th Cir. 2011) (agency must give reasoned consideration to the evidence in assessing a CAT claim); *see also Nuru v. Gonzales*, 404 F.3d 1207, 1218 n.6 (9th Cir. 2005) (noting that in the torture

context, "individualized consideration" of how changed conditions will affect the specific applicant's situation is required).

Accordingly, we grant the petition with respect to Vora's asylum, withholding of removal, and CAT claims, and we remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**