**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEKSANDR NIKOLAYEVICH KHAVRENKO,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-70325<br><br>Agency No. A076-078-694<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 11, 2014
San Francisco, California

Before: WALLACE, SCHROEDER, and W. FLETCHER, Circuit Judges.

Aleksandr Nikolayevich Khavrenko petitions us to review the Board of

Immigration Appeals' (Board) dismissal of his appeal. That appeal was from an

Immigration Judge's (IJ) decision holding him removable as charged and ineligible

for cancellation of removal because he was convicted of a crime involving moral

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

turpitude, which stopped the clock on his way to fulfilling the seven-year continuous residency requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(a)(2), (d).

Ordinarily, we lack jurisdiction to review Board removal orders "against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)," including crimes involving moral turpitude. 8 U.S.C. § 1252(a)(2)(C). However, we have jurisdiction to review "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D). Thus, we have jurisdiction to determine, and we review de novo, whether Khavrenko's conviction qualifies as a crime involving moral turpitude. *Tall v. Mukasey*, 517 F.3d 1115, 1118–19 (9th Cir. 2008).

"A crime having as an element the intent to defraud is clearly a crime involving moral turpitude." *Id.* at 1119. California Penal Code section 470(d) requires proof of "intent to defraud." Accordingly, CPC § 470(d) is categorically a crime involving moral turpitude. Consequently, Khavrenko's conviction under CPC § 470(d) within five years of admission to the United States renders him ineligible for cancellation of removal under 8 U.S.C. § 1229b(a) because it prevents him from meeting the seven-year continuous residency requirement.

**PETITION FOR REVIEW DENIED.**