**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRACE CIRINDI KIRUKI, | No. 12-73422 |
| Petitioner, | Agency No. A088-284-484 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Grace Cirindi Kiruki, a native and citizen of Kenya, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  Our

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA found Kiruki not credible because her testimony and declaration were inconsistent with her son's letter regarding what happened to the son when he was attacked in 2005, and based on an omission from her declaration and direct testimony that Kenyan police arrested her twice. Substantial evidence supports the BIA's adverse credibility determination. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (upholding an adverse credibility determination based on an omission of important incidents). We reject Kiruki's contentions that the agency failed to consider the totality of circumstances, including expert evidence. We lack jurisdiction to consider Kiruki's contentions regarding IJ bias that she did not raise on appeal to the BIA. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). In the absence of credible testimony, Kiruki's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of Kiruki's CAT claim because it is based on the same testimony found not credible, and Kiruki does not point to any evidence in the record that compels the conclusion that it is more likely than not she would be tortured if returned to Kenya. *See Shrestha*, 590 F.3d at 1048-49. We reject Kiruki's contention that the BIA's analysis of her CAT claim was deficient. Thus, her CAT claim also fails.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**