

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO SERPA-ESPINOZA, | No. 12-71228 |
| Petitioner, | Agency No. A029-225-159 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2015**
San Francisco, California

Before: WALLACE, SILVERMAN, and CHRISTEN, Circuit Judges.

Antonio Serpa-Espinoza, a native and citizen of Peru, petitions for review of

the Board of Immigration Appeals's denial of a motion to reconsider its denial of a

previous motion to reopen. We have jurisdiction to consider the reconsideration

order pursuant to 8 U.S.C. § 1251(b)(1). We review the denial of the motion for an

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

abuse of discretion and the Board's interpretation of the immigration laws de novo. *Minasyan v. Mukasey*, 553 F.3d 1223, 1227 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Serpa-Espinoza argues that the Board abused its discretion when it refused to reconsider whether he had established changed country conditions, which would allow him to file a motion to reopen more than 12 years after his final order of removal. He claimed that the Board erred because United States Citizen and Immigration Service separately found that his wife had established either changed or extraordinary circumstances to excuse her separate, untimely asylum application. However, the Board did not abuse its discretion by holding that the two decisions did not conflict. There is no evidence in the record to establish that Serpa-Espinoza's wife established changed country conditions or that her separate application was identical to his application. Like the Board, we have recognized that the exception for filing an untimely motion to reopen is much narrower than the exception for filing an untimely asylum application. *Chen v. Mukasey*, 524 F.3d 1028, 1030 (9th Cir. 2008); *He v. Gonzales*, 501 F.3d 1128, 1133 n.9 (9th Cir. 2007); *compare* 8 U.S.C. § 1229a(c)(7)(C)(ii) and 8 C.F.R. § 1003.2(c)(3)(ii) *with* 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. §§ 1208.4(a)(4)(i), (5).

In any event, Serpa-Espinoza did not make a prima facie showing that he was entitled to relief from removal. He argues that the Board failed to consider the fact that his wife had demonstrated prima facie eligibility for relief from removal. However, he did not make this argument to the Board, and the Board considered all of the arguments he made in his motion for reconsideration.

Finally, we lack jurisdiction to consider Serpa-Espinoza's procedural due process claim because he did not raise the claim to the Board. *Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

PETITION FOR REVIEW DENIED IN PART AND DISMISSED IN PART.