**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 15 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SERGIO JIMENEZ-RAMIREZ,

Petitioner,

v.

MERRICK GARLAND, Attorney General,

Respondent.

No.    19-70578

Agency No. A092-949-731

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2021[**]
Las Vegas, Nevada

Before:  NGUYEN and BENNETT, Circuit Judges, and HARPOOL,[***] District Judge.

Sergio Jimenez-Ramirez, a native and citizen of Mexico, challenges the

Board of Immigration Appeals' (BIA) dismissal of his appeal for violations of his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

due process rights. We have jurisdiction under 8 U.S.C. § 1252, and we deny Jimenez-Ramirez's petition for review.

1. Jimenez-Ramirez first claims that the Immigration Judges (IJs) violated due process by failing to advise him of the right to apply for asylum. Reviewing de novo, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011), we find that the IJs had no duty to advise Jimenez-Ramirez of this right because Jimenez-Ramirez did not express a fear of harm or present any facts indicating he could be persecuted in Mexico during removal proceedings. *See United States v. Lopez-Velasquez*, 629 F.3d 894, 900 (9th Cir. 2010) ("[T]he IJ is not required to advise [a noncitizen] of possible relief when there is no factual basis for relief in the record."). Any assertion of fear during bond proceedings did not trigger this duty because bond and removal proceedings are distinct, and IJs may not consider any part of bond proceeding in removal proceedings. *See* 8 C.F.R. § 1003.19(d).

2. Jimenez-Ramirez also contends that the IJs violated due process by failing to ask him if he feared return to Mexico, but Jimenez-Ramirez failed to exhaust this claim. This due process claim is not exempt from the exhaustion requirement because the BIA could have remedied any due process violation by remanding for asylum advisals and an opportunity to apply for asylum. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Here, Jimenez-Ramirez failed to put the BIA on notice of this claim because he did not include facts or argument

supporting it in his briefing before the BIA. *See id.* ("Although [the noncitizen] raised his due process rights in his brief to the BIA, he . . . did not give the BIA an opportunity to consider and remedy the particular procedural errors he raises now.").

**PETITION DENIED.**