**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUBEN MENCIAS-SOTO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 19-72722

Agency No. A098-890-074

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2021[**]
Pasadena, California

Before: GRABER, CHRISTEN, and OWENS, Circuit Judges.

Ruben Mencias-Soto, a native and citizen of Honduras, petitions for review

of the Board of Immigration Appeals' (BIA) decision dismissing his appeal from

an immigration judge's (IJ) order denying his applications for withholding of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture (CAT). We review questions of law de novo and factual findings for substantial evidence. *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we dismiss in part and deny in part Mencias-Soto's petition.[1]

1.      Mencias-Soto argues the IJ violated his due process rights by: (1) failing to adequately explain the proceedings, including the requirements for withholding of removal and CAT claims; (2) failing to ask follow-up questions that would have fully developed the record; and (3) improperly defining Mencias-Soto's applicable particular social groups. Mencias-Soto argues he exhausted these claims before the BIA because he requested the BIA "overturn the IJ's decision 'and appropriately weigh the evidence, in its entirety, *for due process*.'" Mencias-Soto did not exhaust these claims. Although Mencias-Soto appeared pro se before the BIA and we construe his claims liberally, *see Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002), his notice of appeal and brief to the BIA do not mention these three claimed errors, and his passing reference to "due process" was insufficient to give the BIA "an opportunity to consider and remedy the particular

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to decide the petition.

2

procedural errors he raises now." *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). We therefore lack jurisdiction over these claims. *Id.*

2. Mencias-Soto argues the IJ violated his due process rights by excluding from the record nineteen photographs of his deceased brother. Mencias-Soto argues he was prejudiced by the exclusion because, he asserts, the photographs likely would have helped establish past persecution and supported his claim regarding the risk of future persecution and torture. We disagree. The IJ: (1) stated he took the photographs into account in reaching his decision on Mencias-Soto's petition; (2) described in detail on the record what the photographs depicted; and (3) found Mencias-Soto's testimony about his brother's murder to be credible. Because Mencias-Soto has not shown admission of the photographs would have strengthened support for his claimed fear of future persecution and torture, we conclude he has not established he was prejudiced by the IJ's ruling.

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**