NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO DE LEON-REYES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   20-73622

Agency No. A201-551-213

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2022[**]
San Francisco, California

Before:  SILER,[***] S.R. THOMAS, and CALLAHAN, Circuit Judges.

Roberto De Leon-Reyes, a Guatemalan citizen, timely petitions for review

of the Board of Immigration Appeals' decision to uphold the denial of his

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

application for withholding of removal and protection under the Convention Against Torture. We deny the petition.

## I

When De Leon-Reyes first unlawfully entered the United States in May 2019, he was almost immediately detained. An order of removal was entered, and De Leon-Reyes was deported later that month.

In October 2019, De Leon-Reyes unlawfully re-entered the United States. He again was arrested by immigration officials and his removal order was reinstated. He told officials that he was afraid to return to Guatemala, and an asylum officer conducted a reasonable fear determination interview. De Leon-Reyes testified that he feared gangs that were threatening to hurt him and his family if he did not pay them money. The asylum officer found De Leon-Reyes to be credible and to have a reasonable fear of persecution, and his case was referred to an immigration judge ("IJ") for withholding-only proceedings. In January 2020, De Leon-Reyes appeared before an IJ and applied for withholding of removal and protection under the Convention Against Torture.

De Leon-Reyes' final hearing was in March 2020. There, he testified that he had reported the gang threats to the police in Guatemala, who developed a plan to entrap the gang members by leaving the extortion money outside De Leon-Reyes' house. But De Leon-Reyes backed out because he thought the plan was too risky.

## II

The IJ denied De Leon-Reyes' application. She found De Leon-Reyes credible and construed his testimony "very broadly" because he was pro se. But she held that the only basis for extortion that De Leon-Reyes identified was the gangs' perception of his family's wealth, which was not a cognizable basis for withholding of removal. The IJ further found that De Leon-Reyes had not shown that his life would be threatened based on a protected ground if he returned to Guatemala. In addition, De Leon-Reyes did not qualify for protection under the Convention Against Torture because De Leon-Reyes had not shown government acquiescence or any fear of being tortured by government officials.

De Leon-Reyes appealed the IJ's decision to the BIA. In that appeal, he claimed his immediate family as a particular social group and alleged that gangs targeted him, at least in part, because of his family membership. De Leon-Reyes had not presented this issue to the IJ. The BIA rejected the argument based on De Leon-Reyes' failure to raise it adequately earlier.

## III

A non-citizen applying for immigration relief may be entitled to mandatory withholding of removal to his or her home country if the applicant establishes a clear probability that the applicant's "life or freedom would be threatened in that country" based at least in part on one of several enumerated grounds, including

3

"membership in a particular social group." 8 U.S.C.§ 1231(b)(3)(A); *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). A family can be a particular social group. *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015).

An applicant may be entitled to protection under the Convention Against Torture if the applicant shows that it is more likely than not that upon removal the applicant will be tortured at the hands of or with the consent or acquiescence of a public official in the applicant's home country. 8 C.F.R. § 1208.16(c); *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). "Acquiescence" requires that a public official knows about the torture before it happens (or is willfully blind to it) and breaches a legal responsibility to prevent it. 8 C.F.R. § 1208.18(a)(7).

## IV

We review the BIA's conclusions of law de novo. *Zheng v. Ashcroft*, 332 F.3d 1186, 1193 (9th Cir. 2003). We review the BIA's factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). Under this standard, the BIA's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021). De Leon-Reyes asserts two arguments in his petition.

First, De Leon-Reyes argues that the IJ violated his due process rights by failing to help him fully develop the record and identify the "De Leon-Reyes

4

Immediate Family" as a potentially applicable particular social group. But De Leon-Reyes did not make this due process argument to the BIA such that the agency had "an opportunity to consider and remedy the particular procedural errors he raises now." *Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Because De Leon-Reyes did not exhaust his administrative remedies, we lack jurisdiction to rule on this issue. *Id.*

Second, De Leon-Reyes argues that the BIA erred by denying him relief under the Convention Against Torture. But De Leon-Reyes has not shown government acquiescence or any reasonable fear of being tortured by government officials. To the contrary: when De Leon-Reyes reported gang threats to the police, the police formulated a plan to capture the culprits. It was De Leon-Reyes who abandoned that plan.

## V

We lack jurisdiction to consider De Leon-Reyes' due process argument and De Leon-Reyes has not shown that he is entitled to relief under the Convention Against Torture. Accordingly, the petition is **DISMISSED in part and DENIED in part**.