**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE PULIDO HERNANDEZ; IRMA HERNANDEZ, | No. 22-1638 |
| Petitioners, | Agency Nos. A088-601-027 A089-670-634 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2024**
Pasadena, California

Before: CALLAHAN and IKUTA, Circuit Judges, and LASNIK, District Judge.***

Jose Pulido Hernandez and his wife, Irma Hernandez, natives and citizens of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert J. Lasnik, District Judge for the Western District of Washington, sitting by designation.

Mexico, petition for review of a Board of Immigration Appeals (BIA) order affirming the decision of an Immigration Judge (IJ) that denied them asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction to consider their legal challenge under 8 U.S.C. § 1252(a)(2)(D), and deny the petitions for review.

Pulido and Hernandez challenge the agency's denial of withholding of removal, arguing that they were denied due process when the agency failed to apply *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), and related BIA precedent, in analyzing their proffered particular social group.[1] Pulido and Hernandez did not raise this argument to the BIA, and thus failed to satisfy the administrative exhaustion requirement imposed by 8 U.S.C. § 1252(d)(1). *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Their due process argument is therefore forfeited.

Even if we construe Pulido and Hernandez's due process argument as challenging the merits of the agency's analysis of their membership in a cognizable particular social group and alleged fear of future persecution on account thereof,

---

[1] In their petitions for review, Pulido and Hernandez do not challenge the denial of their asylum or Convention Against Torture claims. Any such claims are therefore forfeited. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

their claims fail.[2] The BIA did not err in affirming the IJ's analysis as to Pulido and Hernandez's proffered particular social group. Pulido and Hernandez do not explain why analyzing social distinction in relation to the State of Michoacan would affect the IJ's conclusion, and *Pirir-Boc* does not require the state-specific analysis they propose. *See* 750 F.3d at 1084. Nor did the BIA err in affirming the IJ's conclusion that Pulido and Hernandez did not show a well-founded fear of future persecution on account of a protected ground. Pulido and Hernandez do not meaningfully challenge this conclusion on appeal, and have thereby forfeited any such challenge. *See Olea-Serefina v. Garland*, 34 F.4th 856, 867 (9th Cir. 2022). Even had they not, however, the IJ correctly understood their testimony to establish a fear of generalized crime and violence rather than demonstrating a well-founded fear of persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

**PETITIONS DENIED.**

---

[2]Although Pulido and Hernandez did not raise these issues to the BIA, the BIA addressed them in its opinion and we "may review any issue addressed on the merits by the BIA." *Parada v. Sessions*, 902 F.3d 901, 914 (9th Cir. 2018).