**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN CARLOS SANTIAGO-TITO;
CRISTINA SANTIAGO-AVILA,

No. 24-2322

Agency Nos.
A220-563-579
A220-563-580

Petitioners,

v.

MEMORANDUM[*]

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2025[**]
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Juan Carlos Santiago-Tito and his daughter, Cristina Santiago-Avila,[1] petition

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]Because Cristina is a derivative beneficiary of Juan's claim, we focus our analysis on Juan. As such, we refer to Juan as "Petitioner." Additionally, this case was originally filed with two other related petitioners: Juan's brother and the brother's minor son. Those petitioners have since left the United States. We granted their motion to voluntarily dismiss their petitions for review.

for review of the Board of Immigration Appeals' (BIA) decision affirming, on adverse-credibility grounds, the immigration judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. Petitioner also makes an ineffective-assistance-of-counsel claim. We deny the petition.

Because the BIA reviewed the IJ's adverse-credibility "decision for clear error and relied upon the IJ's opinion as a statement of reason[s]" but provided more than "a boilerplate opinion," we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's . . . decision in support of those reasons." *Kumar v. Garland*, 18 F.4th 1148, 1152–53 (9th Cir. 2021) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). We review the reasons underlying the adverse-credibility findings for substantial evidence. *Id.* "Questions of law, including claims of due process violations due to ineffective assistance [of counsel], we review de novo." *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005).

1.    ***Adverse-Credibility Finding.*** Substantial evidence supports the agency's adverse-credibility determination. The BIA properly relied on the IJ's findings that Petitioner's testimony was inconsistent regarding how many attacks he suffered, what he and his brother were doing when they were attacked, and the circumstances that surrounded Shining Path's threats. The BIA also relied upon the IJ's findings that Petitioner and his brother were inconsistent in their testimony

regarding the number of times they approached the police. That evidence supports an adverse-credibility finding. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (per curiam) (finding that inconsistent testimony regarding dates and whether a weapon was used during a threat was sufficient to support an adverse-credibility determination).

Petitioner's procedural arguments likewise lack merit. Petitioner's argument that the brothers were unable to explain the inconsistencies in the testimony is not based in the record. One inconsistency was not relied upon by the BIA and is not before this court. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency."). As for the other three inconsistencies, the brothers were either cross-examined by the Government or questioned by the IJ on those matters, which provided a sufficient method to allow for an explanation of inconsistent testimony. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc). Petitioner's argument that the IJ erred by not considering his background and language skills is untenable. As is Petitioner's argument regarding allowance of breaks during the hearing. The IJ allowed for two breaks and asked Juan's brother if he wanted a third. We find no error or abuse of discretion.

    **2.**    ***Ineffective Assistance of Counsel.*** Petitioner failed to exhaust his

ineffective-assistance-of-counsel claim. "The proper way to raise and exhaust an ineffective assistance of counsel claim . . . is through a motion to reopen before the agency." *Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021). Petitioner acknowledges that he has not filed a motion to reopen, yet he argues that he was "effectively precluded" from doing so because he had the same counsel before the IJ and the BIA. But his current "counsel is not prevented from filing a motion to reopen with the Agency on [Petitioner's] behalf." *Id.*; *see also Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). The Government invoked exhaustion. As such, we are precluded from reviewing the ineffective-assistance claim. *Murillo-Chavez v. Bondi*, 128 F.4th 1076, 1082 (9th Cir. 2025).

**PETITION DENIED.**