**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMIRA RIVERAL, a.k.a. Amira Ahmed Hashim,<br><br>          Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 09-70745<br><br>Agency No. A078-009-261<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Amira Riveral, a native of Libya and citizen of Bulgaria, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that Riveral established extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5). In addition, we lack jurisdiction to consider her unexhausted challenge to the factual allegation in the Notice to Appear regarding the termination of nonimmigrant student status. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Accordingly, her asylum claim fails.

Riveral testified that she was never approached, verbally harassed, or physically harmed in Bulgaria. Substantial evidence supports the agency's finding that Riveral failed to establish that she experienced past persecution in Bulgaria on account of her Muslim religion and Middle Eastern appearance. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). We lack jurisdiction to review Riveral's contention that the IJ failed to consider the harms stated in her asylum application because she failed to raise this to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Substantial evidence also supports the agency's

finding that Riveral failed to establish a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir 2003). Accordingly, Riveral's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Riveral failed to show it is more likely than not she will be tortured if returned to Bulgaria. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**