**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSS VINKO SOKOLIC, | No. 08-70608 |
| Petitioner, | Agency No. A097-469-173 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, JR., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Sokolic failed to raise to the Board of Immigration Appeals his procedural

due process argument that the Immigration Judge erred by failing to develop the

record regarding his excuses for filing his asylum application late. Because this is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the kind of alleged error that the BIA could remedy, *see Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008), Sokolic's failure to exhaust this issue deprives us of jurisdiction to consider it. *Barron v. Ashcroft*, 358 F.3d 674, 676–78 (9th Cir. 2004) (applying 8 U.S.C. § 1252(d)(1)).

The BIA and IJ's determination that Sokolic was ineligible for withholding of removal because he failed to establish either past persecution or a well-founded fear of future persecution in South Africa is supported by substantial evidence, including evidence that the assault he endured was an act of common criminal activity, bearing no indication of racial animus. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1176–78 (9th Cir. 2004); 8 U.S.C. § 1231(b)(3). Accordingly, we deny Sokolic's petition to review the IJ's withholding of removal determination.

**DISMISSED IN PART, DENIED IN PART**.