MEMORANDUM **
Veronica Flor Rico-Landaverde petitions for review of the Board of Immigration Appeal’s dismissal of her appeal from the Immigration Judge’s final order of removal. Except as noted below, we have jurisdiction pursuant to 8 U.S.C. § 1252. We DISMISS IN PART and DENY IN PART the petition.
The court lacks jurisdiction to consider Rico-Landaverde’s argument that the IJ erred in finding her asylum application untimely. Rico-Landaverde argues that the IJ should have considered whether her depression prevented her from complying with the one-year deadline, but she did not raise this argument before the BIA.[1] 8 U.S.C. § 1252(d)(1); Barron v. Ashcroft, 358 F.3d 674, 677-78 (9th Cir.2004). The court also lacks jurisdiction to consider the unexhausted question of whether Rico-Landaverde’s due process rights were violated when the IJ failed to inform her of her apparent eligibility for a U Visa.[2] Brezilien v. Holder, 569 F.3d 403, *668 412 (9th Cir.2009); Tall v. Mukasey, 517 F.3d 1115, 1120 (9th Cir.2008); Barron, 358 F.3d at 678. These aspects of the petition are dismissed.
Rico-Landaverde’s argument that her conviction for endangerment under A.R.S. § 13-1201 is not a crime involving moral turpitude, rendering her removable, is foreclosed by Leal v. Holder, 771 F.3d 1140 (9th Cir.2014). Even if her conviction were not a CIMT, Rico-Landaverde is removable because she is present in the United States without having been admitted or paroled after inspection. 8 U.S.C. §§ 1182(a)(6)(A)(l), 1227(a)(1). She does not challenge the IJ’s finding of removability on that basis. This aspect of her petition is therefore denied.
Finally, the court also denies Rico-Landaverde’s petition to the extent it argues the IJ improperly applied Matter of M-A-M-, 25 I. & N. Dec. 474 (BIA 2011). The record before the IJ showed nothing more than that Rico-Landaverde had been treated for depression in the past. Even assuming for the sake of argument that this history should have triggered further inquiry into Rico-Landaverde’s mental competency under M-A-M-, the IJ’s explicit findings that Rico-Landaverde was competent were amply based upon the record evidence as well as Rico-Landaverde’s appropriate behavior in court, her ability to file a pro se asylum application and call the appropriate witnesses to testify, and her lucid and appropriate interactions with the IJ over the course of five hearings that spanned three-and-a-half months. While we stress that M-A-M-’s “further inquiry” requirement no doubt requires IJs to undertake more than routine questioning before making a competency finding when faced with concrete indicia of incompetency, we conclude that under the particular facts of this case, the IJ’s inquiry into Rico-Landaverde’s competency was sufficient.
We also note that Rico-Landaverde does not argue that she was actually incompetent, and we further note that she opposed amici’s recommendation that we remand her petition so that she could take advantage of the unarguably much stronger protections provided to supposedly pro se mentally ill detainee classmembers under the permanent injunction in Franco-Gonzalez v. Holder, Case No. CV-10-02211 DMG (DTBx), 2014 WL 5475097 (C.D.Cal. Oct. 29, 2014).
PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The IJ denied Rico-Landaverde’s applications for withholding of removal and protection under the Convention Against Torture on the merits, but Rico-Landaverde explicitly abandoned those applications in her petition for review.

. United States v. Ubaldo-Figueroa, 364 F.3d 1042 (9th Cir.2004), Upon which Rico-Landa-verde relies to contend the exhaustion requirement does not apply to failure-to-inform challenges on direct review of a removal order, is inapposite. That case addresses the exhaustion requirement of 8 U.S.C. § 1326(d), which allows for collateral review of a depor *668 tation order as a defense to an illegal reentry charge. Id. at 1048-50.