**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARLOS CERON-MARTINEZ, | No. 14-71616 |
| Petitioner, | Agency No. A200-690-664 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 1, 2016
Pasadena, California

Before: D.W. NELSON, CALLAHAN, and N.R. SMITH, Circuit Judges.

Petitioner Carlos Ceron-Martinez ("Ceron"), a citizen of Mexico, petitions

for review the Board of Immigration Appeals' ("BIA") denial of his application for

withholding of removal. We dismiss the petition for lack of jurisdiction.

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.    We lack jurisdiction to consider Ceron's argument that the Immigration Judge ("IJ") and BIA failed to presume the truth of his testimony that the hospital turned him away because he had AIDS. The Immigration and Nationality Act provides that we may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "The petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam). "Although a petitioner need not raise his precise argument in administrative proceedings, he cannot satisfy the exhaustion requirement by making a general challenge to the IJ's decision, but, rather, must specify which issues form the basis of the appeal." *Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (alterations, citations, and internal quotation marks omitted).

Ceron argues in his petition that "absent an adverse credibility finding the IJ and the BIA were obligated to accept Mr. Ceron-Martinez's testimony regarding the reason was turned away [from the hospital] as true." However, Ceron never argued this specific issue to the BIA. Rather, while he challenged the IJ's dismissal of his testimony as "speculation and conjecture," he did not argue to the

2

BIA that the lack of an express adverse credibility finding required that the BIA accept his testimony as true as to why he thought the hospital turned him away.

2.     We also lack jurisdiction to review whether there is a pattern or practice of persecution of a group of persons similarly situated to Ceron on account of his membership in a particular social group. *See* 8 U.S.C. § 1252(d); 8 C.F.R. § 1208.16(b)(2)(i).  Although Ceron raised his pattern or practice argument in his initial October 2013 brief filed pro se, Ceron has not shown that the BIA did, or was required to, consider that brief.  After Ceron filed his October 2013 brief, the BIA remanded the case to the IJ who issued a supplemental decision.  The BIA then issued another briefing schedule and Ceron filed a pro se brief in December 2013, and another brief in April 2014 through counsel.

Neither the December 2013 brief nor the April 2014 brief sufficiently asserted a pattern or practice of persecution of a group of persons.  *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008) (holding that petitioner did not exhaust his due process claim that he was denied a full and fair hearing by arguing that due process was violated on the ground that the IJ admitted uncertified evidence).  Indeed, Ceron's December 2013 pro se brief argued specifically that "it is clear that Mr. Ceron will experience future persecution" and "[t]herefore, Mr. Ceron is able to meet this burden based on his individual circumstances."  Ceron's

3

reference to his "individual circumstances" further indicates that he was not asserting a pattern or practice claim.

Additionally, Ceron has offered no reason or legal citation as to why the BIA would be required to review the October 2013 brief when it had remanded the case back to the IJ, who issued a new decision, following which the BIA ordered new briefing and Ceron filed two new briefs. Indeed, the BIA's May 30, 2014 decision indicated that it relied on only the December 2013 and April 2014 briefs. It noted: "the applicant has not made a pattern or practice, or disfavored group claim." We conclude we lack jurisdiction to review whether there is a pattern or practice of persecution of a group of persons similarly situated to Ceron on account of his membership in a particular social group.

**PETITION DISMISSED.**

*Ceron-Martinez v. Lynch*, No. 14-71616

Nelson, Senior Circuit Judge, dissenting:

Because I believe Ceron sufficiently exhausted his argument that the IJ and BIA failed to presume the truth of his testimony, and that he also sufficiently raised a pattern or practice of persecution of a group of persons claim, I respectfully dissent.

In my view, Ceron, who was *pro se* for a majority of the proceedings before the IJ and BIA, adequately raised to the BIA the issue of the IJ's consideration of his credibility such that we have jurisdiction to consider the merits of his argument. *See Ren v. Holder*, 648 F.3d 1079, 1083–84 (9th Cir. 2011) (internal quotations and citations omitted) ("We do not employ the exhaustion doctrine in a formalistic manner, especially where the petitioner is *pro se*; general contentions can suffice as long as they put the BIA on notice of the contested issues."); *Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1183–84 (9th Cir. 2001) ("We hold that even though [the petitioner] never specifically invoked the phrase 'equitable tolling' in his briefs to the BIA, he sufficiently raised the issue before the BIA to permit us to review the issue on appeal.").

Next, I believe a fair reading of Ceron's December 2013 and April 2014 briefs demonstrates that he has raised a pattern or practice claim. Ceron's December 2013 brief states that "based on different articles in Mexico it is clear

that Mr. Ceron will experience future persecution." Ceron submitted documentary evidence on the persecution of individuals suffering from HIV/AIDS in Mexico, such as a news article about a gay, HIV-positive man who was tortured, beaten and suffocated, and found dead with a sign stating in part, "This is what happens to me for going around infecting people with AIDS." Furthermore, Ceron's April 2014 brief discusses the "widespread" "stigmatization and abuse of HIV-positive individuals or people with AIDS in Mexico," and states that Ceron "will suffer persecution if forced to return to Mexico."

Accordingly, I would find that we have jurisdiction to consider Ceron's arguments that the IJ and BIA failed to presume the truth of his testimony, and that Ceron adequately raised a pattern or practice claim. Therefore, I would grant the petition.