*279 MEMORANDUM *
Petitioner Carlos Ceron-Martinez (“Cer-ón”), a citizen of Mexico, petitions for review the Board of Immigration Appeals’ (“BIA”) denial of his application for withholding of removal. We dismiss the petition for lack of jurisdiction.
1. We lack jurisdiction to consider Cer-on’s argument that the Immigration Judge (“IJ”) and BIA failed to presume the truth of his testimony that the hospital turned him away because he had AIDS. The Immigration and Nationality Act provides that we may review a final order of removal only if “the alien has exhausted all administrative remedies available to the alien as of right.” 8 U.S.C. § 1252(d)(1). “The petitioner’s failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction.” Zhang v. Ashcroft, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam). “Although a petitioner need not raise his precise argument in administrative proceedings, he cannot satisfy the exhaustion requirement by making a general challenge to the IJ’s decision, but, rather, must specify which issues form the basis of the appeal.” Alvarado v. Holder, 759 F.3d 1121, 1128 (9th Cir. 2014) (alterations, citations, and internal quotation marks omitted).
Cerón argues in his petition that “absent an adverse credibility finding the IJ and the BIA were obligated to accept Mr. Cer-on-Martinez’s testimony regarding the reason was turned away [from the hospital] as true.” However, Cerón never argued this specific issue to the BIA. Rather, while he challenged the IJ’s dismissal of his testimony as “speculation and conjecture,” he did not argue to the BIA that the lack of an express adverse credibility finding required that the BIA accept his testimony as true as to why he thought the hospital turned him away.
2. We also lack jurisdiction to review whether there is a pattern or practice of persecution of a group of persons similarly situated to Cerón on account of his membership in a particular social group. See 8 U.S.C. § 1252(d); 8 C.F.R. § 1208.16(b)(2)(i). Although Cerón raised his pattern or practice argument in his initial October 2013 brief filed pro se, Cer-ón has not shown that the BIA did, or was required to, consider that brief. After Cer-ón filed his October 2013 brief, the BIA remanded the case to the IJ who issued a supplemental decision. The BIA then issued another briefing schedule and Cerón filed a pro se brief in December 2013, and another brief in April 2014 through counsel.
Neither the December 2013 brief nor the April 2014 brief sufficiently asserted a pattern or practice of persecution of a group of persons. See Tall v. Mukasey, 517 F.3d 1115, 1120 (9th Cir. 2008) (holding that petitioner did not exhaust his due process claim that he was denied a full and fair hearing by arguing that due process was violated on the ground that the IJ admitted uncertified evidence). Indeed, Ceron’s December 2013 pro se brief argued specifically that “it is clear that Mr. Cerón will experience future persecution” and “[t]herefore, Mr. Cerón is able to meet this burden based on his individual circumstances.” Ceron’s reference to his “individual circumstances” further indicates that he was not asserting a pattern or practice claim.
Additionally, Cerón has offered no reason or legal citation as to why the BIA *280 would be required to review the October 2013 brief when it had remanded the case back to the IJ, who issued a new decision, following which the BIA ordered new briefing and Cerón filed two new briefs. Indeed, the BIA’s May 30, 2014 decision indicated that it relied on only the December 2013 and April 2014 briefs. It noted: “the applicant has not made a pattern or practice, or disfavored group claim.” We conclude we lack jurisdiction to review whether there is a pattern or practice of persecution of a group of persons similarly situated to Cerón on account of his membership in a particular social group.
PETITION DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir, R. 36-3.