NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE LUIS GARCIA-CERVANTES, AKA Jose Luis Cervantes, AKA Jose Luis Garcia, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 17-71203 <br><br> Agency No. A079-144-095 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]
Honolulu, Hawaii

Before: FARRIS, McKEOWN, and BADE, Circuit Judges.

Jose Luis Garcia-Cervantes ("Garcia-Cervantes") petitions for review of the

Board of Immigration Appeals ("BIA") order dismissing his appeal from an

Immigration Judge's ("IJ") decision denying his requests for asylum, withholding

of removal, cancellation of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We review the agency's factual findings for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1. An applicant must apply for asylum within one year of arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). A late application may be considered if the asylum applicant establishes "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." *Id.* at § 1158(a)(2)(D). We have jurisdiction to review the agency's timeliness determination because the ruling was based on undisputed facts. *See Ramadan v. Gonzales*, 479 F.3d 646, 649-50 (9th Cir. 2007).

Garcia-Cervantes entered the United States in 2002 but did not seek asylum until 2014. Garcia-Cervantes's asylum claim rests on his fear that, if he returned to Mexico, he would be killed by members of a family who, since 1977, have intimidated and murdered several of his relatives to take possession of Garcia-Cervantes's family's ranch. Members of that family shot Garcia-Cervantes in 1998. Garcia-Cervantes contends that his circumstances changed in 2015 when one of his brothers who lives near the family's ranch was shot. We do not make a changed circumstances determination. Substantial evidence supports the BIA's determination that Garcia-Cervantes's delay in applying for asylum was not

reasonable because that incident was not a changed circumstance. Garcia-Cervantes's and his sister's testimony about the motive and person responsible for shooting their brother was speculative.

Garcia-Cervantes also asserts that extraordinary circumstances excuse his untimely application because, during a prior removal proceeding, he was misled about the need to apply for asylum. Garcia-Cervantes did not present this claim to the BIA and therefore it is waived. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We therefore affirm the denial of Garcia-Cervantes's asylum application as untimely.

2. Substantial evidence supports the agency's determination that Garcia-Cervantes failed to establish that the harm he experienced or fear of future harm in Mexico was or would be on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Substantial evidence also supports the agency's determination that Garcia-Cervantes could safely and reasonably relocate within Mexico. *See* 8 C.F.R. §§ 1208.16(b)(1)(i)(A) and (B), (b)(3). Thus, Garcia-

Cervantes's withholding of removal claim fails.

3.      Substantial evidence supports the agency's denial of CAT relief because petitioner failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("general ineffectiveness on the government's part to investigate and prevent crime [does] not suffice to show acquiescence").

4.      This court "lack[s] jurisdiction to review the merits of [the agency's] discretionary decision to deny cancellation of removal," *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012) (citation omitted), because Garcia-Cervantes has not alleged "a colorable legal or constitutional claim," *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012). *See* 8 U.S.C. § 1252(a)(2)(D). The agency considered the hardship factors "in their totality." *See Matter of Recinas*, 23 I. & N. Dec. 467, 472 (B.I.A. 2002).

5.      This court lacks jurisdiction to consider Garcia-Cervantes's Due Process claim based on the IJ's alleged bias because Garcia-Cervantes did not exhaust that claim and the BIA could have remedied the alleged error. *See Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**

4