NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| FRANCISCO MOREIRA, AKA Francisco Davila Moreira, AKA Jose Martinez, AKA Jose A. Martinez, AKA Jose Martinez Avalos, AKA Francisco Moreira Davila, AKA Fransncisco Moreira Davila, AKA Frasncisco Moreira Davila, AKA Francisco Moreira Pavila, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No. 14-73997 <br><br> Agency No. A075-588-800 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021**

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Francisco Moreira, a native and citizen of Mexico, petitions for review of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision finding him removable and concluding that he was not eligible for any form of relief from removal, including cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition for review.

The only claim that Moreira makes is that he was denied due process because the IJ did not advise him of his eligibility for pre-conclusion voluntary departure. We lack jurisdiction to consider that claim because it was not raised before the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004) (holding that the court lacks jurisdiction to review claims not presented to the agency). Even construing Moreira's pro se brief to the BIA liberally, it was insufficient to alert the BIA that voluntary departure was at issue. *See Alvarado v. Holder*, 759 F.3d 1121, 1128 (9th Cir. 2014) (concluding that the court lacked jurisdiction over an unexhausted claim even after liberally construing the petitioner's pro se argument); *Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008) ("Although [Petitioner] raised a procedural due process claim in his appeal to the BIA . . . [he] did not give the BIA an opportunity to consider and remedy the particular procedural errors he raises now.").

On May 12, 2015, the court granted a stay of removal. The stay of removal

remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED.**