NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 23 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELDEN MAURICIO ORTEGA ORTIZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 19-72735

Agency No. A201-436-508

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2021[**]
Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[***] Senior District Judge.

Petitioner Elden Mauricio Ortega Ortiz ("Petitioner"), a native and citizen of

Honduras, petitions for review of an order of the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

("BIA") summarily affirming the denial of Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture by the immigration judge ("IJ"). Petitioner claims the IJ violated his due process rights by not conducting a proper inquiry into his competency and by failing to adequately explain the proceedings or legal requirements to prove his case. These contentions, however, were not raised before the BIA.

We may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "The petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction." *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). "While we retain jurisdiction to review due process challenges to immigration decisions, we may not entertain due process claims based on correctable procedural errors unless the alien raised them below." *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (citations omitted).

Here, Petitioner's due process claims are "mere procedural error[s]" that the BIA could have remedied by ordering a rehearing to allow for further assistance to Petitioner as a pro se litigant and for further inquiry regarding Petitioner's competency. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004); *Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Because Petitioner failed to

exhaust the due process claims raised in his petition for review, we lack jurisdiction over his petition.

**PETITION DISMISSED.**