**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAVIER BAEZA-CASTRO, AKA Juan Antonio Baeza, AKA Smiley Baeza, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 15-73176 <br><br> Agency No. A074-111-136 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2022
Pasadena, California

Before: PAEZ, SMITH,** and BADE, Circuit Judges.

Javier Baeza-Castro, a citizen and native of Mexico who obtained lawful

permanent resident status in 1990, petitions for review of the Board of Immigration

Appeals' ("BIA") dismissal of his appeal challenging the Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable D. Brooks Smith, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

("IJ") denial of his application for cancellation of removal. We lack jurisdiction and therefore dismiss the petition.

1.      We lack jurisdiction over Baeza-Castro's argument that his conviction for transportation of a controlled substance under Cal. Health & Safety Code § 11379(a) does not categorically constitute a conviction for an offense relating to a controlled substance. As Baeza-Castro conceded at oral argument, he did not exhaust this argument before the agency, which deprives us of jurisdiction to consider it. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

2.      Baeza-Castro also argues that the BIA violated his due process rights by not conducting a "full and independent *de novo* review" of the discretionary factors for cancellation of removal. But we do not have jurisdiction "to review the merits of a discretionary decision to deny cancellation of removal." *Szonyi v. Barr*, 942 F.3d 874, 896 (9th Cir. 2019) (as amended); *see also* 8 U.S.C. § 1252(a)(2)(B). Although we may exercise jurisdiction over colorable due process claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005), we do not have jurisdiction to review "a challenge based upon the application of the law to the facts of the particular case, even when that challenge is cloaked as a legal challenge," *Figueroa v. Mukasey*, 543 F.3d 487, 494 (9th Cir. 2008). Baeza-Castro

2

argues, in essence, that the BIA erred in weighing the discretionary factors, and "we do not have jurisdiction to reweigh the evidence underlying the" agency's discretionary determination. *Mendez-Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir. 2009). To the extent Baeza-Castro argues that the BIA failed to apply de novo review, he has not raised a colorable claim. *Id.* at 978–80 (holding that jurisdiction exists over a claim that the BIA applied an incorrect legal standard but only if the claim is colorable).

3.      We also lack jurisdiction over Baeza-Castro's argument that the BIA violated his due process rights by improperly emphasizing negative equities and minimizing positive equities. "Traditional 'abuse of discretion' challenges recast as alleged due process violations do not constitute colorable constitutional claims which would invoke our jurisdiction." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). We may not review the merits of the BIA's discretionary decision to deny cancellation of removal and thus may not consider Baeza-Castro's challenge to that decision. *Szonyi*, 942 F.3d at 896.

4.      Finally, we do not have jurisdiction over Baeza-Castro's argument that the BIA violated his due process rights by admitting an untimely Form I-213. "[C]hallenges to procedural errors correctable by the administrative tribunal[] must be exhausted before we undertake review." *Sola*, 720 F.3d at 1136 (internal quotation marks omitted). Baeza-Castro did not raise this issue before the BIA,

3

which could have remedied any error in the IJ's admission of the Form I-213. *See*

*Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Baeza-Castro was thus

required to exhaust this argument before the BIA, and we lack jurisdiction to

consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DISMISSED.**