**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

CECILIA YANETH TOBIAS-
CALDERON, et al,

          Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No.   22-1574

Agency No.     A208-674-303
Agency No.     A208-674-304

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2024[**]
San Francisco, California

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Petitioner Cecilia Yaneth Tobias-Calderon, and her minor son, Carlos

Tobias-Calderon, petition for review of the Board of Immigration Appeals'

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("BIA") decision dismissing her appeal of an Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Our jurisdiction is governed by 8 U.S.C. § 1252. "Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). The agency's factual findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). We review legal and constitutional questions de novo. *Roy v. Barr*, 960 F.3d 1175, 1181 (9th Cir. 2020). We deny the petition for review.

I

Substantial evidence supports the agency's finding that Tobias-Calderon did not establish a nexus between her feared harm and her proposed particular social groups ("PSG") of Salvadoran women without male protection or family members of Carlos Antonio Cardoza. To be eligible for asylum or withholding of removal, a

noncitizen must show a nexus between her protected ground (e.g., race, religion, social group) and her past or future persecution. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017) (citing 8 U.S.C. § 1158(b)(1)(B)(i) (asylum) and § 1231(b)(3)(A), (C) (withholding)). To meet the nexus requirement, a noncitizen must show that her protected ground was "one central reason" (asylum) or "a reason" (withholding of removal) that she has been or will be harmed. *Id.*

Here, the record supports the agency's finding that the gang was motivated by pecuniary interests to extort Tobias-Calderon rather than on account of her PSGs. According to Tobias-Calderon, the 18th Street Gang "impose[d] rentas on all the residents of El Mango," which shows that the gang had a criminal motive that was not specific to Tobias-Calderon. The continued threats by the gang focused on Tobias-Calderon's ability to pay rent, calling the police, or keeping the gang's name on her home. Further, the record suggests that the gang attempted to kidnap Tobias-Calderon's son because she failed to pay rent by the gang's deadline, which "does not compel finding that the [gang] threatened [Tobias-Calderon and her son] because of a protected characteristic such as family relation." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023). Thus, substantial evidence supports the BIA's finding that Tobias-Calderon failed to establish the requisite nexus.

3

Because a "lack of a nexus to a protected ground is dispositive" of eligibility for asylum and withholding of removal, we deny Tobias-Calderon's petition. *See Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016).

## II

Substantial evidence supports the agency's determination that Tobias-Calderon did not establish eligibility for CAT protection. To demonstrate eligibility for CAT protection, an applicant must show "it is more likely than not he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). Although Tobias-Calderon provided country condition documents that indicate there is crime and violence in El Salvador, the reports are insufficient to establish that Tobias-Calderon herself faces a particularized risk of torture. *See Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture."). Thus, we deny Tobias-Calderon's petition for CAT.

## III

Tobias-Calderon did not exhaust her claim that the IJ violated due process by failing to advise Tobias-Calderon that her I-589 did not act as an independent application for her son. To exhaust a claim, an applicant "must first raise the issue

before the BIA or IJ." *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003). Procedural due process claims that can be "remedied by the BIA are not exempted from the exhaustion requirement." *Tall v. Mukasey*, 517 F.3d 1115, 1120 (9th Cir. 2008). Here, Tobias-Calderon did not raise any due process challenge regarding the IJ's advisal to the BIA and instead expressly waived "an advisal of rights in removal proceedings." Because Tobias-Calderon did not put the BIA on notice of her due process argument, it is unexhausted and this Court cannot consider it for the first time on review. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023) (explaining that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is mandatory, but not jurisdictional, and must be enforced if raised). Accordingly, Tobias-Calderon's due process argument is dismissed.

**PETITION DENIED IN PART AND DISMISSED IN PART.**